# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:22-cv-00489-MR

| | | |
|---|---|---|
| **DYLAN RHOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 13].

## I.     BACKGROUND

On April 23, 2018, the Plaintiff, Dylan Ray Rhom ("Plaintiff"), filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging an onset date of August 30, 2017. [Transcript ("T.") at 12].  The Plaintiff's claim was initially denied on March 4, 2019, and upon reconsideration on July 31, 2019.  [Id.].  Upon the Plaintiff's request, a hearing was held on December 7, 2021, before an Administrative Law Judge ("ALJ").  [T. at 42].  On December 30, 2021, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of

August 30, 2017. [T. at 30]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the claimant is automatically deemed disabled regardless of age, education or work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions.  Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634.  If the claimant can still perform his or her past work, then the claimant is not disabled.  Id.  Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.  At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

5

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV.    THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged onset date, August 30, 2017. [T. at 14]. At step two, the ALJ found that the Plaintiff has severe impairments including: "ataxia, obesity, migraine, autism, and depression." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 16]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except: he must never climb ladders, ropes, or scaffolds {due to dizziness}; he is limited to only occasional kneeling, crouching, and crawling {due to dizziness}; and he is restricted from exposure to workplace hazards. The claimant is able to

perform unskilled work of a routine, repetitive nature (Reasoning Level 1 to 2) in two-hour segments, performed at a non-production pace (meaning non-automated/conveyor pacing). He is limited to work with infrequent changes in the work setting. He is limited to work with no public interaction, and requiring only occasional interaction with supervisors and co-workers. He is further restricted from work requiring teamwork, conflict resolution, crisis management, or handling money (for example, calculating and making change).

[Id. at 18-19].

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. [Id. at 28]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including cleaner/housekeeper and marker. [Id. at 29-30]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from August 30, 2017, the alleged onset date, through December 30, 2021, the date of the decision. [Id. at 30].

## V.    **DISCUSSION**[1]

As one of his assignments of error, the Plaintiff argues that the ALJ "failed to evaluate and account for limitations in migraines," and therefore, substantial evidence does not support his RFC assessment. [Doc. 13-1 at 1].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2] SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

In formulating the RFC, an ALJ is required to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p.  More specifically, Rule 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

[Id.].

Here, the ALJ's decision never explains how he accounted for the Plaintiff's migraines in formulating his RFC.  Indeed, after concluding that the Plaintiff's migraine condition was severe at step two, the ALJ did not mention this condition again in his decision.  [See T. at 14-15].  As noted above, the Social Security Administration's own regulations require an ALJ to consider every impairment asserted by a claimant, even those that an ALJ concludes are non-severe, in formulating an RFC.  See SSR 96-8p.  As there is no indication in the ALJ's decision that he took the Plaintiff's migraines into account in formulating the Plaintiff's RFC, this Court cannot conclude that the ALJ built the necessary "accurate and logical bridge" between the

9

evidence that the Plaintiff presented about his impairments and the RFC. <u>Monroe</u>, 826 F.3d at 189.

"Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." <u>Mills</u>, 2017 WL 957542, at *4 (citation omitted).

## VI.  CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. <u>See</u> <u>Radford</u>, 734 F.3d at 295.  On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all the relevant evidence, and specifically explaining how he reconciled that evidence to his conclusions.  In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed on remand.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **GRANTED** and the Defendant's Motion for

Judgment for Summary Judgment [Doc. 14] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

        **IT IS SO ORDERED.**

Signed: December 5, 2023

Martin Reidinger
Chief United States District Judge